**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gary L. Sepp; and, Patricia A. Sepp, | ) | No. CV-05-0127–PHX-MHM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| United States of America; Paul G. Wedepohl and Terri L. Wedepohl, husband and wife, | ) | |
| Defendants. | ) | |

Plaintiffs, husband and wife, have filed a complaint asserting claims related to the seizure of $4,966.54 as a result of Notices of Levy served on United Security Life Insurance Company of Illinois by the Internal Revenue Service ("IRS"). The funds were levied in an attempt to administratively collect Plaintiffs' unpaid federal tax liabilities. Plaintiffs allege that Revenue Officer Paul G. Wedepohl acted negligently in making the seizure because he failed to serve a Notice of Seizure as soon as practicable after the seizure and because he failed to obtain a "Warrant for Distraint" from the Director. Plaintiffs further allege that seizure was unlawful because the property was not in the possession of any officer or agency of the United States and was not subject to seizure by mere service of a Notice of Levy. Plaintiffs have asserted claims for unauthorized collection in violation of constitutional due process of law and the Fourth Amendment under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Defendants are the United States of

1    America, Revenue Agent Wedepohl and his wife, Terri L. Wedepohl. Plaintiffs assert

2    subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1340, and 26 U.S.C. § 7433.

3         Defendants have filed a motion to dismiss for lack of subject matter jurisdiction,

4    Fed.R.Civ.P. 12(b)(1), and for failure to state a claim for relief, Fed.R.Civ.P. 12(b)(6),

5    supported by a memorandum of authority.  (Doc. 8 & 9).  Plaintiffs have filed a response.

6    (Doc. 12).  Defendants have not filed a reply.

7         The Court construes the complaint liberally because it was drafted by pro se plaintiffs.

8    Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  When reviewing a motion to dismiss

9    under Rule 12(b)(6), the Court accepts the allegations in the complaint as true and construes

10   them in the light most favorable to the plaintiff.  Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th

11   Cir. 1990).  The Court must draw all reasonable inferences in favor of the non-moving party.

12   Salim v. Lee, 202 F. Supp. 2d 1122, 1125 (C.D. Cal. 2002).  Dismissal is proper "only if it

13   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

14   would entitle him to relief."  Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986).

15   "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient

16   facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d

17   696, 699 (9th Cir. 1990).  "The issue is not whether a plaintiff's success on the merits is likely

18   but rather whether the claimant is entitled to proceed beyond the threshold in attempting to

19   establish his claims."  De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).  The Court

20   must determine whether or not it appears to a certainty under existing law that no relief can

21   be granted under any set of facts that might be proved in support of plaintiff's claims.  Id.

22        A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the

23   pleadings or by presenting extrinsic evidence.  Warren v. Fox Family Worldwide, Inc., 328

24   F.3d 1136, 1139 (9th Cir. 2003).  If the challenge to jurisdiction is that the allegations are

25   insufficient on  their face to demonstrate the existence of jurisdiction, plaintiff is entitled to

26   safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  The factual

27   allegations of the complaint are presumed true, and the motion is granted only if the plaintiff

28   fails to allege an element necessary for subject matter jurisdiction.  Wolfe, 392 F.3d at 362.

1    A complaint will be dismissed for lack of subject matter jurisdiction (1) if the case does not

2    "arise under" any federal law or the United States Constitution; (2) if there is no case or

3    controversy within the meaning of that constitutional term; or, (3) if the cause is not one

4    described in any jurisdictional statute. Baker v. Carr, 369 U.S. 186, 198 (1962). The party

5    seeking to invoke the jurisdiction of the federal court has the burden of establishing that

6    jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

7            Defendants have asserted several grounds in support of their motion to dismiss, all of

8    which appear to have merit. Plaintiffs' claim for damages for unauthorized collection is

9    based on 26 U.S.C. §§ 7432 and 7433. These statutory provisions provide for suits against

10   the United States on causes of action for damages where an employee of the IRS recklessly

11   or intentionally or negligently violates the Internal Revenue Code or regulations in collecting

12   taxes. Because § 7433 is a waiver of sovereign immunity, it is to be construed narrowly. See

13   Gonsalves v. IRS, 975 F.2d 13, 15-16 (1st Cir. 1992), citing, inter alia, McMahon v. United

14   States, 342 U.S. 25, 27 (1951). Where a plaintiff's lawsuit involves the alleged action taken

15   by the IRS to assess and collect unpaid federal taxes, the United States is the only potentially

16   proper defendant. See White v. C.I.R., 899 F. Supp. 767, 774-75 (D. Mass. 1995)(and cases

17   cited therein).

18           Plaintiffs have not asserted factual allegations that support a violation of any Internal

19   Revenue Code section or regulation. First, applicable Treasury Regulations provide that a

20   "[l]evy may be made by serving a notice of levy." 26 C.F.R. § 301.6331-1(a)(1). Second,

21   there is no requirement that property to be levied to satisfy a tax liability must be in the

22   possession of any officer or agency of the United States. There is no requirement that a

23   "Director's Warrant of Distraint" be obtained prior to seizing the property. Butler v.

24   Travelers Ins. Co., 997 F. Supp. 1352, 1355 (D. Mont. 1997), aff'd, 139 F.3d 903 (9th Cir.

25   1998). Finally, "[b]ecause intangible property is not susceptible of physical seizure, posting,

26   or tagging, levy upon it is effected by serving the appropriate form upon the party holding

27   the property or rights to property." United States v. Donahue Industries, Inc., 905 F.2d 1325,

28   1329-30 (9th Cir. 1999)(quoting G.M. Leasing Corp. v. United States, 429 U.S. 338, 350

1  (1977) and citing 26 C.F.R. § 301.6331-1(a)(1) which provides that "[l]evy may be made by

2  serving a notice of levy on any person in possession of, or obligated with respect to, property

3  or rights to property subject to levy, including receivables, bank accounts, evidences of debt,

4  securities, and salaries, wages, commissions, or other compensation"). There is no

5  requirement that a Notice of Seizure is required to be served after service of the Notice of

6  Levy. The provision of the Internal Revenue Code, 26 U.S.C. § 6335(a), which requires the

7  sending of Notice of Seizure following seizure of tangible property, does not apply to a levy

8  of such intangible property as receivables, evidences of debt, commissions, or other

9  compensation. See Donahue Industries, 905 F.2d at 1330 (levy on tangible property is made

10 by physical seizure and notice thereof; levy on intangible property is made for all purposes

11 by serving a notice of levy pursuant to 26 C.F.R. § 301.6331-1(a)(1)).  See also, Kane v.

12 Capital Guardian Trust Co., 145 F.3d 1218, 1221 (10th Cir. 1998)(the IRS effectuates a levy

13 upon intangible property, that is, property not subject to physical seizure, posting, or tagging,

14 by the sole act of serving notice of levy upon the third party holding the property).

15      Plaintiffs' allegations fail to state a claim for relief under §§ 7432 or 7433 and

16 therefore fail to support a waiver of sovereign immunity as to the United States. See White

17 v. Commissioner, 899 F. Supp. 767, 773 (D.Mass. 1995)(§ 7433 claim dismissed for failure

18 to state a claim for relief where allegations were insufficient to allege a violation of Code or

19 regulation).  Plaintiffs likewise have failed to state a claim for relief against Defendant

20 Wedepohl individually or in his official capacity or as to his wife Terri Wedepohl.

21 Moreover, a Bivens claim is precluded if the alleged violation occurred during the

22 assessment and collection of taxes.  See  Adams v. Johnson, 355 F.3d 1179, 1188 (9th Cir.

23 2004).

24      **Accordingly,**

25      **IT IS ORDERED** that Defendants' motion to dismiss the complaint (Doc. 8) is

26 granted.

27      **IT IS FURTHER ORDERED** that Plaintiffs' complaint is dismissed.

28

1    DATED this 25th day of January, 2006.

2

3

4

5

6

7    _____
     Mary H. Murguia
8    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28